486 A.2d 510

**William HAMRE and John J. Reilly trading as R & H Associates, Appellants,**

v.

**Stanley RESNICK and Jean Farnan and FSI Financial Group, Inc.**

Superior Court of Pennsylvania.

Argued April 25, 1984.

Filed Dec. 21, 1984.

Joseph C. Honer, Jr., Aston, for appellants.

Shelly G. Farber, Media, for appellees.

Before McEWEN, BECK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the order of the lower court sustaining appellee Farnan's and FSI Financial Group's preliminary objections and dismissing appellants' complaint on the basis of lack of venue.[1] Our review of the record persuades us that it is deficient and compels us to remand for further proceedings on the authority of Pa.R.C.P. 1028(c).[2]

This case was initiated by the filing of a complaint in assumpsit on April 2, 1982. Appellants alleged that FSI Financial Group, Inc., breached its obligation to pay a debt at maturity in the amount of $42,333.00 plus interest. Jean Farnan and Stanley Resnick were named as guarantors of that debt. Following preliminary objections of Jean Farnan and FSI Financial Group, Inc., appellants filed an amended complaint which altered the caption of the complaint in conformity with Pa.R.C.P. 2127(a).[3] The amended complaint was filed on August 13, 1982. Farnan and FSI again filed preliminary objections which alleged, in relevant part, that appellants' complaint should be dismissed for improper

1. Pa.R.C.P. 2078 and 2179 provide that actions against nonresidents and corporation may be brought in a county where, *inter alia,* a cause of action arose. It is on this theory that appellants posit their venue argument.

2. A party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise.

3. Defendant Stanley Resnick did not file an answer to the complaint and default judgment was entered against him on September 28, 1982.

venue. They averred that appellants' exhibits were not signed in Pennsylvania, that neither of them transacted any business in Pennsylvania with plaintiffs, but, if they did, it was in Virginia, and that no actions involving Farnan and FSI occurred in Delaware County, Pennsylvania.

Appellants' amended complaint stated that on the 4th day of April 1979, in the County of Delaware, State of Pennsylvania, that FSI, the principal debtor, was indebted to appellants. In addition, appellants responded in their Answer to the Preliminary Objections that the exhibits appended to the amended complaint were indeed signed in Delaware County, and that all contract negotiations, the contract itself, offer, acceptance and executed signatures were all undertaken in Delaware County.

Nowhere in the record is it indicated that interrogatories were filed, depositions were taken, or a hearing was conducted on the issue of the locus of the significant events in this case. In its opinion, the court writes that it based its decision of improper venue on "the record in this case and the briefs submitted by respective counsel..." From our reading of the record, we conclude that the court relied only on the pleadings as the "record".

This procedure is correct in many cases. In *Matter of D.L.S. and J.L.S.*, 278 Pa.Superior Ct. 446, 420 A.2d 625 (1980), this court affirmed the lower court's dismissal of the mother's preliminary objections challenging the jurisdiction of Pennsylvania courts over a custody action. In doing so, our court found that no factual issues were raised which necessitated the reception of evidence. It was uncontroverted from the record that the mother and two children had moved to Florida just three and one-half weeks prior to the institution of the action and that both parents and children retained a significant connection with Pennsylvania.

On the other hand, in *Luria v. Luria*, 220 Pa.Superior Ct. 168, 286 A.2d 922 (1971), this court remanded for further proceedings in a situation in which the preliminary objections asserted lack of jurisdiction. In its answer, appellee

countered that appellant had certain contacts which rendered it amenable to suit in this state. In an argument on the preliminary objections, appellants' counsel promised to prove its allegations of lack of jurisdiction if given the opportunity to take depositions. Our court, in light of Pa.R.C.P. 1028(c), found fault with the lower court's decision *sans* depositions.

"... [i]t is sufficient for our purpose to note that the lower court's order was based upon its view of controverted facts.... Before such factual determination was made, however, the lower court should have ordered the taking of depositions on the filing of interrogatories or both." *Id.*, 220 Pa.Superior Ct. at 170, 286 A.2d at 923. *See also, Alumbaugh v. Wallace*, 226 Pa.Superior Ct. 511, 313 A.2d 281 (1973).

We find the instant case to be akin to the situations in which factual determinations are made on an inadequate record. Appellees argue that appellants had an opportunity to allege the existence of proper contacts for purposes of venue when they filed the amended complaint. Appellees appear to be arguing that such an omission is tantamount to an admission on appellants' part of the soundness of appellees' position. However, we decline to adopt that interpretation, especially since appellants did allege that the principal debtor incurred its debts in Delaware County, Pennsylvania, and in their answer to the preliminary objections, steadfastly maintained that sufficient contacts exist to warrant venue as proper where it is. Thus, we conclude that evidence should be taken in this case either by depositions or otherwise in order to provide the lower court with a basis upon which to rest a decision on venue, and to afford us a background from which to conduct our review of such a decision.

Order vacated and case remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

McEWEN, J., filed a dissenting statement.

McEWEN, Judge, dissenting:

The majority has expressed its conclusion in a most careful and persuasive fashion but I am, nonetheless, compelled to dissent. A plaintiff may establish jurisdiction and venue in quite simple fashion. The initial complaint of appellants did not do so. Nor, despite quite apt preliminary objections to the original complaint, did the amended complaint do so. I would, therefore, affirm the order of the learned Judge Joseph T. Labrum, Jr.