**Daniel J. KUBIK, Appellant,**

v.

**ROUTE 252, INC. t/a Alberto's
Newtown Squire, Effezeta
Srl, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 3, 2000.
Filed Nov. 17, 2000.

1120

John T. Enright, Philadelphia, for appellant.

Paul D. Henriksen, Doylestown, for appellee.

Before STEVENS, LALLY–GREEN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Daniel J. Kubik appeals the trial court's order granting Route 252, Inc. T/A Alberto's Newtown Squire's ("Restaurant")[1] preliminary objections and thereby transferring venue.[2] We affirm.

¶ 2 The trial court aptly described the facts:

On August 30, 1999, [appellant] commenced this action by filing a Complaint for personal injuries against Route 252, Inc., t/a Alberto's Newtown Squire ..., a Delaware County corporation, and Effezeta Srl ["Effezeta"], an Italian business entity. [Appellant] alleges that he was injured while dining at [Restaurant] when the chair he was sitting in collapsed. The chair is alleged to have been manufactured by [Effezeta].

---

1. While the trial court opinion, docket sheet, and briefs all refer to "Alberto's Newtown *Squire*," Restaurant filed its preliminary objections with the following heading: "Defendant, Route 252, Inc., t/a Alberto's Newtown Squire, (Properly named Alberto's Newtown *Square* hereinafter Alberto's)." Defendant's Preliminary Objections, 12/7/99, at 1 (emphasis added). We are uncertain which is correct but use "Squire" for consistency.

2. This appeal is properly before us because "[a]n appeal may be taken as of right from an order in a civil action ... changing venue, [or] transferring the matter to another court of coordinate jurisdiction...." Pa.R.A.P. 311(c).

According to an Affidavit of Service, [Restaurant] was served with the Complaint on September 3, 1999. Preliminary Objections to the Complaint were then filed by [Restaurant] on October 12, 1999. The Preliminary Objections challenged venue and moved to strike Paragraph 19(i) of the Complaint. In an Order dated November 18, 1999, the Honorable Pamela Pryor Dembe dismissed the Preliminary Objections without prejudice for [Restaurant's] failure to attach an affidavit referenced in the Preliminary Objections.

On December 7, 1999, Alberto's refiled the Preliminary Objections, with the affidavit attached. [Appellant] filed a response.

In an Order dated January 20, 2000 [the trial court] granted the Preliminary Objections as to venue and directed that this case be transferred to Delaware County. Additionally, paragraph 19(i) of the Complaint was stricken [with appellant's agreement].

On February 11, 2000, [appellant] filed a Notice of Appeal with the Pennsylvania Superior Court. On March 2, 2000,[3] [the trial court] ordered [appellant] to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b). [Appellant] responded and filed a Statement on March 10, 2000. [Restaurant] filed a Counterstatement[4] to [appellant's] Statement of Matters Complained of on March 21, 2000. [Appellant] responded [by] filing a "Supplemental Rule 1925(b) Statement" on March 28, 2000.

Trial Court Opinion, 5/16/00, 1–2 (footnote omitted).

¶ 3 Appellant raises several issues on appeal:

**3.** While the court dated this order March 2, 2000 it was not entered on the docket until March 9, 2000. This does not affect our judgment.

**4.** Restaurant's counterstatement consisted of various corrections to appellant's "inaccuracies." Defendant, Rule 252, Inc.'s Counter-

1. Did the Trial Court err in sustaining [Restaurant's] Preliminary Objections to proper venue without creating a fact record by way of deposition testimony or other discovery?

2. Does [Restaurant] engage in continuous and substantial business in Philadelphia County which is sufficient for the purpose of venue where it maintains an interactive World Wide Web site designed to solicit Philadelphia County residents to patronize [Restaurant's] Delaware County restaurant?

3. Does [Restaurant] conduct sufficient business in Philadelphia County where it purchases all of its restaurant stock and supplies from Philadelphia County vendors?

4. Does [Restaurant] waive the issue of proper venue when it engages in activities on the merits of the case such as serving discovery requests on [appellant]?

5. Did the Trial Court err in finding that venue was improper without considering whether venue was appropriate with regard to [Effezeta], a foreign business entity based in Italy?

Brief for Appellant at 3.

▮▮▮▮ ¶ 4 While "' [a] plaintiff's choice of forum is given great weight and a defendant has the burden in asserting a challenge to ... venue,'" *Masel v. Glassman,* 456 Pa.Super. 41, 689 A.2d 314, 316 (1997) (quoting *Shears v. Rigley,* 424 Pa.Super. 559, 623 A.2d 821, 824 (1993)), "[t]he decision whether or not to transfer venue is within the trial court's discretion; thus, we will not overturn that decision absent an abuse of that discretion." *Gale v. Mercy Catholic Med. Ctr.,* 698 A.2d 647, 650 (Pa.Super.1997). Further, "'each case

statement to Plaintiff's Statement Pursuant to Pa.R.App.P.No. [sic] 1925(b). Appellant's "Supplemental" Rule 1925(b) Statement was simply a response to Restaurant's allegations but did not raise any additional issues. *See* Plaintiff's Supplemental Rule 1925(b) Statement, 3/28/00.

must depend on its own facts.'" *Purcell v. Bryn Mawr Hosp.*, 525 Pa. 237, 579 A.2d 1282, 1285 (1990) (quoting *Shambe v. Delaware and Hudson R.R. Co.*, 288 Pa. 240, 135 A. 755 (1927)). Lastly, "[i]f there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Masel*, 689 A.2d at 316 (citing *In Re Mackarus' Estate*, 431 Pa. 585, 246 A.2d 661, 666–67 (1968)).

¶ 5 Because our decision could ultimately rest on this issue, we first address whether Restaurant waived its objections to venue by participating in discovery. It is well-settled that "[i]mproper venue shall be raised by preliminary objection and if not so raised shall be waived." Pa.R.C.P. 1006(e). Moreover, this Court has previously held that "[q]uestions of personal jurisdiction, venue and notice ... must be raised at the first reasonable opportunity or they are waived." *Commonwealth ex rel. Schwarz v. Schwarz*, 252 Pa.Super. 95, 380 A.2d 1299, 1301 (1977). Because Restaurant raised its objections to venue at the first available opportunity in preliminary objections, it complied with the appropriate procedural rules. As the trial court noted, "[Restaurant] originally filed its Preliminary Objections challenging venue on October 12, 1999. On October 21, 1999, [Restaurant] served Interrogatories and a Request for Production of Documents upon [appellant]." Trial Court Opinion, 5/16/00, at 3–4 (footnote omitted). It was certainly reasonable for Restaurant to conduct discovery while waiting for the trial court's ruling on its preliminary objections. Restaurant thus did not waive its objection to venue.

¶ 6 Appellant next claims that the court below erred in failing to conduct fact-finding prior to granting Restaurant's preliminary objections. Appellant cites *Rubin v. Lehman*, 443 Pa.Super. 1, 660 A.2d 636 (1995), *Burns v. Pennsylvania Manufacturers Assoc. Ins. Co.*, 417 Pa.Super. 631, 612 A.2d 1379 (1992), and *Hamre v. Resnick*, 337 Pa.Super. 119, 486 A.2d 510 (1984) for support. Both *Rubin* and *Burns*, however, involve *forum non conveniens, see Rubin*, 660 A.2d at 637; *Burns*, 612 A.2d at 1380, where venue is *proper* but *inconvenient, see Johnson v. Henkels & McCoy, Inc.*, 707 A.2d 237, 238 (Pa.Super.1997) (emphasis added). In such cases, the trial court may not grant a petition to transfer venue "unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Id.* at 239 (emphasis omitted) (quoting *Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 701 A.2d 156, 162 (1997)). But to transfer venue because it is *improper*, as in this case, one must raise a preliminary objection. *See* Pa.R.C.P. 1028(a)(1) (stating that preliminary objections "are limited to" improper venue, among other things); *see also* Pa.R.C.P. 1006(e) (stating that "[i]mproper venue shall be raised by preliminary objection"). To determine whether venue is indeed improper, the court relies on facts raised "by depositions or otherwise." Pa.R.C.P. 1028(c)(2). This is a far cry from the standard in *forum non conveniens* cases. Because the procedure for raising improper venue is so different from that of *forum non conveniens*, *Rubin* and *Burns* do not apply to the situation at hand.

¶ 7 In *Hamre*, on the other hand, the trial court found that venue was indeed improper, but this Court remanded for additional factual findings because the record was "inadequate." *See Hamre*, 486 A.2d at 510, 511. In so doing, we noted that "[n]owhere in the record is it indicated that interrogatories were filed, depositions were taken, or a hearing was conducted...." *Id.* That is different from the case at hand, where the judge reviewed depositions and considered appellant's exhibits. *See* Trial Court Opinion, 5/16/00, at 6. Additionally, the court assumed that appellant's factual allegations were true, but found venue improper anyway. *See id.* Consequently, *Hamre* is distinguish-

able from the case before us. The trial court did not err in failing to conduct additional fact-finding.

■ ¶ 8 Next, appellant contends that venue was indeed proper in Philadelphia County because Restaurant "solicit[s] restaurant patrons from Philadelphia County," provides a newsletter via e-mail, sells gift certificates to Philadelphia residents via its website, and purchases "food commodities on a daily basis" in Philadelphia.[5] Brief for Appellant at 8, 14. In a suit against a corporation, venue is proper in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

\* \* \*

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a). While appellant does not specifically say so, we assume he thinks that venue is proper pursuant to the "regularly conducts business" provision.

In determining whether a corporation "regularly conducts business," this court must focus on the nature of the acts the corporation allegedly performs in that county; those acts must be assessed both as to their quantity and quality.

"Quality of acts" means "those directly, furthering or essential to, corporate objects; they do not include incidental acts ." Quantity means those acts which are "so continuous and sufficient to be general or habitual." ... [T]he acts of the corporation must be distinguished: those in "aid of a main purpose" are collateral and incidental,

while "those necessary to its existence" are "direct."

*Masel,* 456 Pa.Super. 41, 689 A.2d 314, 317 (1997) (citations omitted) (quoting *Purcell,* 579 A.2d at 1285).

■ ¶ 9 We begin with Restaurant's website. This is an issue of first impression in Pennsylvania state courts, although our federal courts have spoken on the topic. *See Blackburn v. Walker Oriental Rug Galleries, Inc.,* 999 F.Supp. 636 (E.D.Pa.1998). Of course, "decisions of the federal district courts ... are not binding on Pennsylvania courts, even when a federal question is involved," *In re Insurance Stacking Litigation,* 754 A.2d 702, 704 n. 6 (Pa.Super.2000), but appellant urges us to adopt the federal courts' reasoning in such cases.

¶ 10 In *Blackburn,* the court identified three types of internet contacts. *See Blackburn,* 999 F.Supp. at 638. The first type of contact is where the defendant "clearly does business over the Internet," which results in personal jurisdiction over the defendant. *Id.* at 638–39. The second type "occurs when 'a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Website.' " *Id.* at 638 (quoting *Zippo Mfg. Co. v. Zippo Dot Com., Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997)). The third type "involves the posting of information or advertisements on an Internet Web Site 'which is accessible to users in foreign jurisdictions,' " and the court does not exercise jurisdiction in these matters. *Id.* (quoting *Zippo,* 952 F.Supp. at 1124)).

¶ 11 The court's reasoning in *Blackburn* is interesting, but we are mindful of the procedural differences between state and federal cases. *Blackburn* was a copyright action, and venue was proper pursuant to

---

**5.** Appellant apparently claimed below that because Restaurant had an advertisement in the Philadelphia phonebook, venue was proper in Philadelphia County, *see* Trial Court Opinion, 5/16/00, at 9–10; Brief of Appellees at 8, but he fails to mention this claim in his brief. Consequently, we need not address it further.

28 U.S.C. § 1400, which provides that "[c]ivil actions ... relating to copyrights ... may be instituted in the district in which the defendant or his agent resides or may be found." *Id.* at 638 n. 1. To determine whether the alleged infringer can be found, the court analyzes "the alleged infringer's contacts with the particular federal district." *Id.* at 638. By contrast, our state rule requires the defendant company to "regularly conduct[ ] business" in the county in which the plaintiff seeks venue, Pa.R.C.P. 2179(a), leading us to an analysis of the quality and quantity of the defendant's business contacts with the forum. *Masel,* 689 A.2d at 317. These two analyses are different enough that we find the court's reasoning in *Blackburn* inappropriate for the case at hand. Consequently, we decline to adopt the federal court's reasoning on venue over websites and thus continue to use our quality/quantity of contacts approach.

¶ 12 That leaves us with the novel question of whether Restaurant's activities on its website entail "regularly conducted business." Appellant concentrates on three activities: Restaurant's provision of driving directions from Philadelphia to its establishment, Restaurant's e-mail newsletter regarding its establishment, and Restaurant's sale of gift certificates to Philadelphia County residents. To begin, we need not enter into a quality/quantity analysis for the driving directions and or e-mail newsletter because both of those are attempts to solicit business, and in that way they are comparable to advertising in a newspaper or telephone book. Our Supreme Court has held that "[i]t is ... clear that advertisements in Philadelphia's phone books and newspapers also fail to meet our standards for the exercise of venue. Mere solicitation of business in a particular county does not amount to conducting business." *Purcell,* 579 A.2d at 1287. Consequently, Restaurant's driving directions and e-mail newsletter do not constitute regularly conducted business.

¶ 13 Restaurant's sale of gift certificates, however, is a bit more than mere solicitation of business. We therefore turn to our quality/quantity of contacts analysis. As noted above, we focus on whether the corporation's acts are " 'directly, furthering or essential to, corporate objects.' " *Masel,* 689 A.2d at 317 (quoting *Purcell,* 579 A.2d at 1285). "[T]hose [acts] in 'aid of a main purpose' are collateral and incidental, while 'those necessary to its existence' are 'direct.' " *Id.* "Quantity [refers to] those acts which are 'so continuous and sufficient to be general or habitual.' " *Id.* Here, Restaurant's main purpose is not to sell gift certificates, but to sell food in its establishment. Certainly the sale of gift certificates is not "necessary to its existence," but rather serves to "aid ... [its] main purpose." *Id.* Accordingly, the sale of gift certificates is merely incidental to its regular business. Moreover, there is no evidence that such sales occur regularly. Thus, the sale of gift certificates is a collateral act, and this is simply not enough to constitute regularly conducting business in Philadelphia County.

¶ 14 As for Restaurant's purchase of goods in Philadelphia, we have previously determined that such behavior does not constitute regularly conducted business. In *Purcell v. Bryn Mawr Hospital,* the plaintiff argued that venue over a Montgomery County hospital was proper in Philadelphia County because, among other things, the hospital purchased hospital supplies in Philadelphia. *See Purcell,* 579 A.2d at 1283, 1284. In holding that venue in Philadelphia County was improper, our Supreme Court stated: "[W]e find it to be patently evident that the mere purchase of hospital supplies from Philadelphia merchants cannot form a satisfactory rationale for conferring venue." *Id.* at 1287. More recently, in *Masel v. Glassman,* we found venue improper in a county where the defendant's only activity there was the purchase of goods "for the furtherance of its business." *Masel,* 689 A.2d at 317–18. Consequently, Restaurant's purchase of

goods in Philadelphia County does not constitute regularly conducting business. Therefore, the court below did not err in transferring venue from Philadelphia County.

▪ ¶ 15 Finally, appellant claims that the court erred in failing to consider that because venue in Philadelphia County was appropriate for Effezeta, it was appropriate for Restaurant pursuant to Pa.R.C.P. 1006(c), which provides: "An action to enforce a joint or joint and several liability against two or more defendants ... may be brought against all defendants in any county in which the venue may be laid against any one of the defendants...." Pa.R.C.P. 1006(c). Unfortunately, appellant fails to develop his argument, but says only "[b]ecause the record is completely devoid of any evidence that venue is improper [in regards to Effezeta], the decision of the Trial Court cannot stand in view of the provisions of Pa.R.Civ.[sic]P. 1006(c)." Brief for Appellant at 14 (footnote omitted). This cursory argument is not adequate for purposes of review. " '[Pennsylvania Rule of Appellate Procedure] 2119(a) requires the argument to be followed by discussion and pertinent citation of authorities.... [A]rguments which are not sufficiently developed are waived.' " *Brody v. Brody,* 758 A.2d 1274, 1281, (Pa.Super. 2000) (quoting *Commonwealth v. Irby,* 700 A.2d 463, 464 (Pa.Super.1997)). We hold appellant's last issue waived.

¶ 16 Order affirmed.