J-S57002-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

GEORGE HARTWELL AND ERMA HARTWELL, INDIVIDUALLY AND AS CO-ADMINISTRATORS OF THE ESTATE OF ZACHARY D. HARTWELL, DECEASED,

        Appellants

        v.

BARNABY'S WEST CHESTER D/B/A BARNABY'S OF AMERICA AND ANDREW J. DONAGHY AND RONALD DUNN, CO-ADMINISTRATORS OF THE ESTATE OF RYAN M. DUNN, DECEASED,

        Appellees

: IN THE SUPERIOR COURT OF
:     PENNSYLVANIA
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
: No. 25 EDA 2013

Appeal from the Order dated November 15, 2012,
Court of Common Pleas, Philadelphia County,
Civil Division at No. 0300 August Term, 2012

BEFORE:  DONOHUE, MUNDY and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　**FILED DECEMBER 22, 2014**

Appellants, George and Erma Hartwell ("the Hartwells"), appeal from the November 15, 2012 orders of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of Appellees Andrew J. Donaghy and Ronald Dunn, as co-administrators of the Estate of Ryan M. Dunn ("the Administrators"), and Barnaby's West Chester, Inc. d/b/a Barnaby's of America bar and restaurant ("Barnaby's"), and transferring venue of this case to Chester County.[1]  We affirm.

---

[1] Appellate jurisdiction is proper under Pa.R.A.P. 311(c) which grants an appeal as of right from an order changing venue.

The facts of this case arise from a single vehicle accident on June 20, 2011 at approximately 2:30 a.m. in West Goshen Township, Chester County, Pennsylvania. Zachary D. Hartwell was a front seat passenger in a vehicle driven by Ryan M. Dunn. Prior to the accident, Mr. Dunn and Mr. Hartwell were at the Barnaby's restaurant and bar located at 15 South High Street, West Chester, Pennsylvania. As a result of the accident, both Mr. Dunn and Mr. Hartwell died.

The Hartwells, who are Mr. Hartwell's parents, filed a wrongful death and survival action in Philadelphia County on August 7, 2012, alleging that Mr. Dunn operated his vehicle negligently, recklessly, and in an intoxicated condition, and that Barnaby's served alcohol to Mr. Dunn while he was visibly intoxicated in violation of the Pennsylvania Dram Shop Act.[2] Appellant's Brief at 4. The Administrators were served with the complaint in Delaware County, and Barnaby's was served at its Chester County location. The Administrators filed preliminary objections to the complaint on September 7, 2012, and Barnaby's filed preliminary objections on September 21, 2012. Both parties' preliminary objections challenged the Hartwells choice of venue, arguing that venue was improper in Philadelphia County because both Mr. Hartwell and Mr. Dunn were residents of Chester County; the accident took place in Chester County; and none of Barnaby's

---

[2] 47 Pa.C.S.A §§ 4-493, 4-497.

four establishments are located within Philadelphia County.[3]  The Hartwells filed a response to the Administrators' preliminary objections, but did not file a response or preliminary objections to Barnaby's untimely preliminary objections.[4]

On November 15, 2012, the trial court entered orders sustaining the preliminary objections of the Administrators and Barnaby's, respectively, and transferred the case to Chester County.  The Hartwells filed a motion for reconsideration on November 30, 2012 requesting that discovery be conducted on the issues raised by the preliminary objections.  Appellants' Brief at 6.  On December 14, 2012, before the trial court ruled on this motion, the Hartwells filed a notice of appeal.  On January 22, 2013 the Hartwells filed their concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court issued its Pa.R.A.P. 1925(a) opinion on January 21, 2014.

The Hartwells raise three issues for our review:[5]

> 1. Whether the trial court committed an abuse of discretion, misapplication of the law and/or acted in a manifestly unreasonable manner by failing to find that Barnaby's waived the issue of improper

---

[3] Barnaby's maintains one establishment in Chester County and three more in Delaware County.

[4] Both appellees' preliminary objections were endorsed with a notice to plead.  **See** Barnaby's Preliminary Objections, 9/21/12, at 1; Administrators' Preliminary Objections, 9/7/12, at 1.

[5] We have reordered the issues for ease of disposition.

venue by failing to file timely preliminary objections within 20 days of service of the complaint?

2. Whether the trial court committed an abuse of discretion, misapplication of the law and/or acted in a manifestly unreasonable manner in transferring venue in this matter from Philadelphia County to Chester County on the basis of improper venue […] where the only parties who filed timely preliminary objections objecting to venue […] failed to demonstrate record evidence of a need to change venue on the basis of improper venue?

3. Whether the trial court committed an abuse of discretion, misapplication of the law and/or acted in a manifestly unreasonable manner by failing to order discovery regarding the extent of Barnaby's business contacts in plaintiff's chosen venue, Philadelphia County, as is required by Pa.R.Civ.P. 1028(c) where a disputed issue of fact is raised by preliminary objections?

Appellants' Brief at 1.

Our standard of review for a transfer of venue is well settled:

While a plaintiff's choice of forum is given great weight and a defendant has the burden in asserting a challenge to venue, the decision whether or not to transfer venue is within the trial court's discretion; thus, we will not overturn that decision absent an abuse of that discretion. Further, each case must depend on its own facts. Lastly, if there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand.

*Kubik v. Route 252, Inc.,* 762 A.2d 1119, 1122-23 (Pa. Super. 2000)

(internal quotations and citations omitted).

- 4 -

First, we address the Hartwells' claim that the trial court erred by not finding that Barnaby's waived its challenge to venue because its preliminary objections were untimely. Pennsylvania Rule of Civil Procedure 1028 governs preliminary objections. It provides, in relevant part, that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds: (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint[.]" Pa.R.C.P. 1028(a)(1). Preliminary objections must be filed within 20 days after service of the preceding pleading. Pa.R.C.P. 1026(a). However, when a party fails to object to the timeliness of an adverse party's preliminary objections, he has waived the issue of untimeliness and the trial court may decide the preliminary objections on the merits. *Richmond v. McHale*, 35 A.3d 779, 782 (Pa. Super. 2012) ("[T]he failure of the opposing party to file preliminary objections to the defective preliminary objections … waives the procedural defect and allows the trial court to rule on the preliminary objections.).

In this case, it is undisputed that the preliminary objections filed by Barnaby's were untimely, as Barnaby's was served with the complaint on August 15, 2012 but did not file its preliminary objections until September 21, 2012, which is more than 20 days after service of the complaint. However, the Hartwells made no objections to the untimeliness of the

preliminary objections filed by Barnaby's,[6] and only filed a response to the Administrators' preliminary objections. The lack of objection by the Hartwells to Barnaby's preliminary objections waived the issue of untimeliness, and so the preliminary objections filed by Barnaby's were properly before the trial court.[7] *See Hubbard*, 406 A.2d at 1123.

Moreover, "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P. 1029(b). Therefore, because the Hartwells failed to respond to Barnaby's preliminary objections, they not only waived the issue of their untimeliness, but also admitted the facts averred therein. *See Action Industries, Inc. v. Wiedeman*, 346 A.2d 798, 800 (Pa. Super. 1975). In its preliminary objections, Barnaby's avers that it has never

---

[6] The proper procedure to raise the issue of timeliness would have been for the Hartwells to file preliminary objections to Barnaby's preliminary objections, alleging the failure of Barnaby's pleading to conform to law or rule of court. *See Richmond*, 35 A.3d at 782; Pa.R.C.P. 1028(a)(2).

[7] The Hartwells also fail to recognize that failure by one defendant to timely object to improper venue does not preclude other defendants from raising the issue, as this would "unilaterally deprive an adverse party of a personal right to object to an improper forum." *Schultz v. MMI Products, Inc.*, 30 A.3d 1224, 1229 (Pa. Super. 2011). Therefore, as a general matter, as long as one defendant raises the issue of improper venue in a timely preliminary objection, the issue is not waived. *Id.* Here, it is undisputed that the Administrators filed timely preliminary objections to venue in Philadelphia County. Even if Barnaby's preliminary objections were struck as untimely, thus waiving their objections to the Hartwell's choice of venue, the issue of improper venue was timely raised by the Administrators' preliminary objections and therefore would have properly been before the court for disposition.

"maintained offices … engaged in specific marketing activities, employed sales representatives, conducted targeted advertising, or otherwise regularly conducted business in Philadelphia County." **See** Barnaby's Preliminary Objections, 9/21/2012, at 3.[8] Accordingly, these facts are deemed to be admitted by the Hartwells, and therefore are uncontroverted facts of record in this case.

In their second claim, the Hartwells argue that the Administrators, "the only parties who filed preliminary objections within twenty [] days of service of the complaint[,]" failed to provide "facts of record evidence 'by deposition or otherwise' to disturb [Hartwells'] choice of venue" as required by Pa.R.A.P. 1028(c)(2). Appellants' Brief at 9.

Rule 1028(c)(2) provides that "[t]he court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2). It is apparently the Hartwells' position that there is an issue of fact with regard to whether Barnaby's has business contacts in Philadelphia County, as they state that although the Administrators "cited the alleged lack of business activities of [Barnaby's] … [they] [did not] set forth any affidavit, deposition

---

[8] We note that Barnaby's attached the affidavit of Michael P. Gallen, Secretary of Barnaby's, to its preliminary objections. The averments in the affidavit state, in relevant part, that all of the Barnaby's locations are outside of Philadelphia County and that Barnaby's has never "maintained offices, engaged in specific marketing activities, employed sales representatives, conducted targeted advertising, or otherwise regularly conducted business in Philadelphia County[.]" Affidavit of Michael P. Gallen, 9/13/12, ¶¶ 4-10.

testimony or other evidence to support their assertions of Barnaby's lack of business activities in the chosen forum[.]" *Id.* As discussed above, as a result of the Hartwells' failure to respond to the preliminary objections filed by Barnaby's, the Hartwells admitted the averments contained therein, including its averments that it conducts no business activities in Philadelphia County. *See* Barnaby's Preliminary Objections, 9/21/2012, at 3. Thus, there was no issue of fact that would require evidence "by deposition or otherwise" pursuant to Pa.R.C.P. 1028(c)(2).[9]

In their final issue, the Hartwells argue that the trial court erred by failing to order discovery regarding the business contacts Barnaby's has in Philadelphia County. Appellants' Brief at 12. The Hartwells' argument again proceeds on the premise that there was no evidence of record regarding this matter. *See id.* at 12-15. For the reasons stated above, this premise is incorrect and there was no need for discovery to be taken.

_____

[9] The only remaining basis to support the Hartwells' claim that Barnaby's regularly conducts business in Philadelphia County is their assertion that Barnaby's might purchase goods, materials, or supplies from vendors located in Philadelphia County. *See* Hartwell's Response to Administrator's Preliminary Objections, 10/1/2012, at 5-6. There is no specific averment denying that Barnaby's purchases goods from Philadelphia County vendors in its preliminary objections or in the affidavit attached thereto. However, this Court has previously held that such contacts alone are not a sufficient basis for proper venue. *Kubik*, 762 A.2d at 1125-26 ("Restaurant's purchase of goods in Philadelphia County does not constitute regularly conducting business" so as to permit a finding that venue was proper in Philadelphia County). Thus, even if the Hartwells were able to establish that Barnaby's purchased goods from vendors located in Philadelphia County, it would still not establish a basis for venue in that county.

Finally, to the extent that the Hartwells argue that the trial court abused its discretion by failing to grant its motion for reconsideration, which requested leave for discovery, we do not agree. The trial court denied the Hartwells motion for reconsideration as moot, citing Rule 1701(a)[10] as the basis for its ruling. Trial Court Order, 2/5/2013. The trial court was incorrect insofar is it concluded that it was without the authority to act simply because the Hartwells filed a notice of appeal before it ruled on their motion. Pennsylvania Rule of Appellate Procedure 1701(b)(3) gives authority to the trial court to "[g]rant reconsideration of the order which is the subject of the appeal or petition." Pa.R.A.P. 1701(b)(3). It provides:

> **(b) Authority of a trial court or agency after appeal.** After an appeal is taken … the trial court or other government unit may:
>
> ***
>
> (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:
>
> (i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and
> (ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such

---

[10] Pennsylvania Rule of Appellate Procedure 1701(a) states that "after an appeal is taken … the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

> order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701(b)(3). It further provides that "[a] timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order." *Id.* As such, the trial court erred as a matter of law in its conclusion that the filing of the notice of appeal rendered the motion for reconsideration moot. However, "[i]t is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Boyer v. Walker*, 714 A.2d 458, 463 n.10. (Pa. Super. 1998). As discussed above, there was undisputed evidence of record that Barnaby's never "maintained offices … engaged in specific marketing activities, employed sales representatives, conducted targeted advertising, or otherwise regularly conducted business in Philadelphia County[,]" *see* Barnaby's Preliminary Objections, 9/21/2012, at 3, and the remaining basis upon which the Hartwells asserted venue – the purchase of goods or services from Philadelphia County vendors – is insufficient as a matter of law to establish venue. *Kubik*, 762 A.2d at 1125-26. Accordingly, on this basis, we affirm the trial court's denial of the Hartwell's motion.

Having found no merit to the Hartwell's claims, we affirm the orders of the trial court.

Orders affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2014