J-A06012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE (THE TRUSTEE) FOR THE HOLDERS OF DEUTSCHE ALT-A SECURITIES, INC., MORTGAGE LOAN TRUST, SERIES 2007-RAMP 1 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FRANCISCA REYES A/K/A FRANCISCA M. REYES | |
| Appellant | No. 2545 EDA 2016 |

Appeal from the Order June 15, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-32714

BEFORE:  PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 31, 2017**

In this mortgage foreclosure action, Appellant, Francisca Reyes, appeals from the order entered June 15, 2016, granting the motion for summary judgment filed by Appellee, HSBC Bank USA, N.A., as trustee for the holders of Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Series 2007-RAMP 1, awarding it judgment *in rem* for $962,421.45. At the time of the filing of the motion for summary judgment, it had been a little over six years since Reyes paid her mortgage. We affirm.

On June 27, 2006, Reyes, through her daughter as agent, executed a promissory note in favor of GreenPoint Mortgage Funding, Inc., for

$640,000. A mortgage on the property located at 1100 Valley Road, Elkins Park, executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for GreenPoint, its successors and assigns, secured the note. The mortgage was filed with the Recorder of Deeds of Montgomery County.

Reyes stopped making mortgage payments on February 1, 2010. On April 28, 2012, MERS transferred the mortgage to Residential Funding Company, LLC., by way of assignment. The promissory note was later transferred to HSBC, as trustee.

On December 11, 2014, HSBC filed a complaint in mortgage foreclosure alleging that Reyes stopped paying on the mortgage on February 1, 2010. The complaint alleged that as of August 18, 2014, Reyes owed $884,046.79, including interest, late charges, escrow deficit, and servicer fees. HSBC sought a judgment *in rem* for foreclosure of the property in that amount, plus other costs, fees, and charges.

Because no assignment existed transferring the mortgage from Residential Funding to HSBC, HSBC moved to "re-establish chain of title of mortgage," averring that after the transfer to Residential Funding, the note and mortgage were transferred by Residential Funding to HSBC. In the filing, HSBC also claimed possession of the original note, endorsed in blank by Residential Funding, which established HSBC's right to enforce and foreclose upon the mortgage. The trial court granted the motion on April 9, 2015, deeming the mortgage assigned of record to HSBC.

As that was ongoing, HSBC was unable to effect formal service on Reyes, but Reyes was aware of the complaint as she filed, through counsel, preliminary objections on April 4, 2015. On June 8, 2015, HSBC effected service on Reyes. Reyes filed another set of preliminary objections, again through counsel, on June 25, 2015. On October 30, 2015, Reyes entered her appearance as proceeding *pro se*. Numerous filings over the months then ensued between the parties (and third parties no longer part of this litigation). We assume the parties' familiarity with those filings and we need not recount them here.

The trial court eventually denied Reyes's preliminary objections. She filed an answer with new matter, alleging duress, fraud, illegality, and unclean hands, on February 23, 2016. HSBC moved for summary judgment a month later. Counsel entered his appearance on behalf of Reyes on April 18, 2016, and timely filed a response to the motion for summary judgment. On May 24, 2016, Reyes moved for reconsideration of the trial court's April 9 order that deemed the mortgage assigned of record to HSBC. The trial court denied the motion for reconsideration, and later granted HSBC's motion for summary judgment. Reyes appealed.

On appeal, Reyes argues that the trial court erred in granting summary judgment when "discovery had not yet been taken" and when "prior to any discovery being taken … an issue of material fact existed with regard to the allegations that [Reyes] disputed." Appellant's Brief, at 2.

We review a challenge to the entry of summary judgment as follows:

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. **See** Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

**E.R. Linde Const. Corp. v. Goodwin**, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

The holder of a mortgage has the right, upon default, to bring a foreclosure action. **See Cunningham v. McWilliams**, 714 A.2d 1054, 1056 (Pa. Super. 1998). The holder is entitled to summary judgment "if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." **Id**., at 1057 (citation omitted).

In its complaint, HSBC alleged the following:

3.  On **06/27/2006**, Defendant(s) and/or their predecessor:

**FRANCISCA REYES A/K/A FRANCISCA M. REYES**

- 4 -

> Promised to pay to the order of **GreenPoint Mortgage Funding, Inc.**, the principal sum of **$640,000.00** payable with interest thereon provided in the Note.
>
> …
>
> 5. Said mortgage is in default in that payment due **02/01/2010**, and all subsequent payments have not been made, and by its terms, upon breach and failure to cure said breach after notice, all sums secured by said Mortgage, together with the other charges authorized by said Mortgage and itemized below, shall be immediately appealable.
>
> 6. After demand, the Defendant(s) continues to fail or refused to comply with the terms of the Mortgage as follows:
>
>    (a) By failing or refusing to pay the installments of principal and interest when due in the amounts indicated below;
>    (b) By failing or refusing to pay other charges, if any, indicated below.
>
>    The following amounts are due on the said Mortgage or modification agreement as of the date stated below
>
>    | | |
>    |---|---|
>    | Unpaid principal Balance | $642,237.72 |
>    | Accumulated Interest | $156,884.12 |
>    | Accumulated Late Charges | $8,081.37 |
>    | Escrow Deficit/(Reserve) | $76,508.54 |
>    | Prior Servicer Fees | $335.00 |
>    | Grand Total | $884,046.79 |

Complaint, filed 12/11/14, at ¶¶ 3, 5-6.

In her answer, Reyes responded as follows:

> 3. Admitted.
>
> …

5. Deny. Defendant is not delinquent in all payments as of February 1, 2010.

6. Deny. Defendant disputes Plaintiff's calculation of unpaid principal and interest. It is Defendants [sic] belief that the following calculations are correct: $0.00.

Answer, filed 2/23/16, at ¶¶ 5-6.

Reyes admitted the mortgage was in the specified amount. As for delinquent payments, Reyes's answer is not specific. She answered that she was not delinquent "in all payments *as of* February 1, 2010" (emphasis added). But the payments *up to* February 1 are not in dispute; it is the lack of any payments after February 1 that is the issue. Thus, the answer in paragraph five is nothing more than a general denial, constituting an admission. *See* Pa.R.C.P. 1029(b). She has, however, specifically answered that there was no amount due. This specific denial does not constitute an admission. This specific denial in her answer is not enough, however, to defeat the motion for summary judgment.

When a motion for summary judgment has been filed by the mortgagee in a mortgage foreclosure action, the mortgagor, as the nonmoving party, may not rest upon the averments contained in the pleadings. *See* Pa.R.C.P. 1035.3. To raise a genuine issue of fact, Reyes had "the burden to present 'facts' by counter-affidavits, depositions, admissions, or answers to interrogatories." *New York Guardian Mortg. Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987) (citation omitted). Simply

put, Reyes had to identify one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion. ***See*** Pa.R.C.P. 1035.3.

Reyes first argues that it was improper for the trial court to grant summary judgment as discovery had not taken place "in the mere four weeks between the filing" of the answer and the filing for summary judgment. Appellant's Brief, at 2. But four weeks is not the appropriate time frame for consideration.

"Parties must be given reasonable time to complete discovery before a trial court entertains any motion for summary judgment…" ***Reeves v. Middletown Athletic Ass'n***, 866 A.2d 1115, 1124 (Pa. Super. 2004) (citation omitted). Here, the trial court granted summary judgment prior to the formal close of discovery. Rule 1035.2 provides that a party may move for summary judgment at any time whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense that could be established by additional discovery, or after the completion of discovery relevant to the motion. ***See*** Pa.R.C.P. 1035.2(1-2).

A party seeking discovery must do so "in a timely fashion." ***Reeves***, 866 A.2d at 1124 (citation omitted). The panel explained in ***Reeves*** that

> where ample time for discovery has passed, the party seeking discovery (and opposing summary judgment) is under an obligation to show that the information sought was material to their case and that they proceeded with due diligence in their attempt to extend the discovery period.

*Id*. (citation omitted).

As noted, Reyes filed preliminary objections on June 25, 2015. Discovery may commence during the preliminary objection stage of pleading. *See*, *e.g.*, *Kubik v. Route 252, Inc.*, 762 A.2d 1119, 1123 (Pa. Super. 2000). For Reyes, the precise issues of the dispute, at that time, were clear—the allegation that she defaulted on her mortgage and what she owed. There was no need for her to wait.

And wait she did. In fact, Reyes "did not propound any discovery" in this matter—at all. Trial Court Opinion, filed 9/13/16, at 3. As of the date of the filing of the motion for summary judgment, *eight months and 27 days* had elapsed since the filing of Reyes's second preliminary objections. Under these circumstances, we find the trial court did not abuse its discretion by deciding HSBC's summary judgment motion prior to the completion of discovery.

Reyes next claims that material issues of fact exist and that permitting discovery would confirm their existence. We have just found, however, that Reyes's failure to request any discovery forecloses her attempt to seek additional discovery time. In any event, we briefly explain why the two issues she identifies in her brief do not and would not, through further discovery, result in a material issue of fact for either.

Reyes contends, "[h]ad the [t]rial [c]ourt allowed Defendant to take discovery, a developed record could have shed light on several issues…"

Appellant's Brief, at 10. The only two she identifies in her brief are (1) whether HSBC "actually does hold the original note with Defendant's wet signature, upon which Plaintiff entirely relies their standing upon in this matter;" and (2) "what is the actual amount due and owing, in light of the dispute among the parties on that issue, and Plaintiff's inconsistencies regarding the same." *Id*., at 10. Neither raise or would raise a material issue of fact.

As noted, HSBC filed a motion to "re-establish chain of title of mortgage," averring that after the transfer to Residential Funding, the note and mortgage were transferred by Residential Funding to HSBC. In that filing, HSBC also claimed possession of the original note, endorsed in blank by Residential Funding. The note endorsed in blank conclusively establishes HSBC's right to enforce and foreclose upon the mortgage. *See Bank of America, N.A. v. Gibson*, 102 A.3d 462, 466 (Pa. Super. 2014). Reyes challenged that motion in the trial court and lost—and she does not challenge that ruling in this appeal.

As for the amount due and owing, Reyes's general denial in her answer constituted an admission that she was in default beginning February 1, 2010. She specifically answered that the amount due was "$0.00." In its motion for summary judgment, HSBC claimed that the total amount due on the mortgage was $962,421.15. *See* Plaintiff's Motion for Summary Judgment, filed 3/23/16, at ¶ 14 and Exhibit "H."

In her response to the motion for summary judgment, Reyes did not claim that the amount due was "$0.00," only that she "has made mortgage payments that are not reflected in Plaintiff's calculations." Defendant's Opposition to Plaintiff's Motion for Summary Judgment, 4/22/16, at ¶ 14. She elaborated on this claim in her brief in support of her response to the motion for summary judgment. There she claimed, "Bank of America, which at one point represented itself as the servicer of the loan to Defendant, took a payment of Defendant and, rather than deduct the amount paid from the debt, added it to the principal amount due and owing." Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, filed 4/22/16, at 3. **See also** Appellant's Brief, at 5.

Reyes attached to her response the bank statement from Bank of America evidencing mortgage payments. **See** R.R., at 167a.[1] The "statement period" is "06/2006 – 06/2015" and the "date prepared" is "06/26/2015." Reyes attached only one page to her response, which has payments from December 15, 2008, to May 27, 2010. We, like the trial court, are unable to determine "which payment was allegedly misapplied" and Reyes offers no specific indication. Trial Court Opinion, filed 9/13/16, at 7.

---

[1] The documents cited in this memorandum by reference to the reproduced record are contained in the certified record. We cite to the reproduced record for ease of reference.

We do observe that the statement reflects that she made a "regular payment" on November 27, 2009, credited to the mortgage as payment for December 2009. The *next* payment is on May 27, 2010, with a "regular payment" of $3,461.02, credited to the mortgage as payment for January 2010—one month before she stopped paying her mortgage. The statement indicates that the outstanding balance on the mortgage, after accounting for the January payment, as $642,237.72.

Reyes has failed to identify one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion.[2] Over seven years have now passed since Reyes stopped paying her

_____

[2] On appeal, Reyes states a fact not raised in her response to the motion for summary judgment, but only in her brief in support. Reyes claims that "Ocwen [Loan Serving, LLC], which has also represented itself as the servicer of the loan has set forth two different per diem rates, each of which contradict the per diem calculation set forth in Plaintiff's moving papers and calculation of the alleged amount due and owing." Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, filed 4/22/16, at 3. **See also** Appellant's Brief, at 5. "Facts stated only in briefs or memoranda of law cannot be considered by the court in adjudicating a motion for summary judgment." 3 Goodrich Amram 2d § 1035.3(a):8, Briefs or memoranda of law.

Despite that, we note that Reyes attached a four-page document from Ocwen Loan Serving, LLC, to her response to the motion for summary judgment. **See** R.R. 168a-171a. As the trial court aptly noted, concerning this "bald assertion," "[n]owhere on this document is the subject [l]oan identified," and while the document does indicate that the per diem rate differs from that claimed in the complaint, "Reyes does not establish what the per diem should be or why HSBC's claim is incorrect." Trial Court Opinion, filed 9/13/16, at 7-8.

mortgage. The trial court committed no abuse of discretion in granting summary judgment in favor of HSBC.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2017