ESTATE of Leo L. WERNER, by Elizabeth WERNER under Authority of the Estate granted by court order entered February 3, 2000, Elizabeth Werner Trust, by its trustee, Jeffrey R. Ackerman, estate of Anne L. Werner, by its executor Timothy F. Burke, Jr., Anne L. Werner Trust, by its trustee, Timothy F. Burke, Jr., Jeffrey R. Ackerman, Matthew W. Weiss and Edward A. Pollack, Appellants,

v.

Eric J. WERNER, Richard L. Werner, Robert I. Werner, Donald M. Werner, Howard L. Solot, Craig R. Werner, Marc L. Werner, Michael J. Solot, Bruce D. Werner, Michael E. Werner and the Werner family trust through its trustees, Eric J. Werner, Bruce D. Werner and Howard L. Solot, Appellees.

Superior Court of Pennsylvania.

Argued April 5, 2001.
Filed July 27, 2001.

Richard W. Gladstone, Pittsburgh, for appellants.

Larry K. Elliott, Pittsburgh, for appellees.

Before: DEL SOLE, President Judge, EAKIN and BROSKY, JJ.

BROSKY, J.

¶ 1 This is an appeal from the order of the trial court sustaining Appellees' preliminary objections to venue and transferring the action to the Court of Common Pleas of Mercer County. After careful review, we affirm.

¶ 2 Appellants are the estates of Leo and Anne Werner, a trust (the Elizabeth Werner Trust), whose sole beneficiary is their daughter (Elizabeth Werner), Elizabeth Werner's two children (Jeffrey R. Ackerman and Matthew W. Weiss) and a nephew of Leo Werner (Edward A. Pollack). This dispute arises from a disagreement over decisions made relating to assets of the family business, the Werner Company, which has its corporate headquarters located in Mercer County, Pennsylvania. By way of background, Leo Werner and his two brothers (Herbert and R.D. Werner) founded the Werner Company in 1945, which eventually became the largest manufacturer of ladders and other climbing equipment in the United States. All three of the founders are now deceased.

¶ 3 The Appellees, except for the Werner Family Trust, are all descendants of Herbert Werner and all are involved in the management of the Werner Company.[1] The Werner Family Trust was apparently formed to benefit these individual Appellees.

¶ 4 Leo and his wife Anne both died in 1996. Appellants commenced this action by writ in March 1998, and filed a complaint in April 2000 alleging that Appellees had (1) wrongfully induced Leo Werner to give all of his stock in the Werner Company to the Appellees in 1992, and (2) wrongfully diluted Appellants' stock in the Werner Company by awarding themselves shares pursuant to a 1992 stock plan and thereafter concealing their self-dealing. The complaint set forth five counts, one of which asserted a civil conspiracy to fraudulently induce Leo Werner to execute a codicil to his will which made the 1992 gifts to Appellees.[2] Appellants aver that as a consequence of these allegedly wrongful actions, Leo Werner's estate was vastly diminished to their detriment.

¶ 5 Appellees filed preliminary objections to the complaint, asserting *inter alia* that venue was not proper in Allegheny County, Pennsylvania.[3] The trial court afforded the parties an opportunity to conduct discovery relating to the venue question, which was accomplished. Thereafter the trial court sustained the preliminary objections raising the issue of venue and transferred the matter to Mercer County. This timely appeal followed.

---

1. The individual Appellees, along with Leo Werner, served as the company's sole officers and directors in 1992 when the acts complained of occurred.

2. The remaining counts were fraud, undue influence, incapacity of Leo Werner, and the wrongful dilution of stock.

3. It is undisputed that none of the Appellees resides in Allegheny County.

¶ 6 At the outset, we note that the determination of whether to transfer venue in a case is a matter within the sound discretion of the trial court. *Masel v. Glassman*, 456 Pa.Super. 41, 689 A.2d 314 (1997). "If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Id.* at 316 (citation omitted). The Rules of Civil Procedure provide the following, in relevant part, with respect to venue.

> **Rule 1006. Venue. Change of Venue**
> (a) Except as otherwise provided [ ], an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose[.]
>
> ---
>
> (e) Improper venue shall be raised by preliminary objection[.] If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county....
> (f) If the plaintiff states more than one cause of action against the same defendant in the complaint pursuant to Rule 1020(a), the action may be brought in any county in which any one of the individual causes of action might have been brought.

Pa.R.C.P. 1006. Appellants contend that the conspiracy count alleges a transaction or occurrence within Allegheny County out of which the cause of action arose. Appellees assert that none of the activities alleged by Appellants to have occurred within Allegheny County relate to the actual cause of action, and that venue is therefore proper in Mercer County. We must therefore consider whether Appellants' civil conspiracy allegations adequately set forth a cause of action arising in Allegheny County.

¶ 7 We begin our analysis by observing that the specific question presented has not previously been addressed by the appellate courts of this Commonwealth. We find instructive, however, the decision of the Pennsylvania Supreme Court in *Craig v. W.J. Thiele & Sons, Inc.*, 395 Pa. 129, 149 A.2d 35 (1959), which provides guidance for determining proper venue where the parties perform under a contract in different counties in the Commonwealth.[4] *Craig* involved a contractual dispute between a truck dealer in Luzerne County, Pennsylvania and a corporation in Cambria County, Pennsylvania. The Cambria County corporation sold an agreed number of truck bodies to the dealer in Luzerne County, which subsequently discovered that the truck bodies were defectively constructed. The dealer filed suit in Luzerne County, and the corporation challenged venue by filing preliminary objections which the trial court overruled. Our Supreme Court was thus required to determine whether "the place of performance of one of several steps taken in the formation of a contract [is] sufficient to constitute a 'transaction or occurrence' upon which venue can be based?" 149 A.2d at 37. In reaching its conclusion that venue was *not* proper in Luzerne County, the Court explained that the word "occurrence" does *not* mean "part of a transaction," and that to hold otherwise would invite confusion and forum shopping where a lawsuit could proceed "in any county where any facet of a complex transaction

---

4. Although *Craig* involved an interpretation of Pa.R.C.P. 2179 (relating to proper venue in an action against a corporation), rather than Rule 1006, the identical language was at issue.

occurred." *Id.* at 37; *see also Pennsylvania Higher Education Assistance Agency v. Devore*, 267 Pa.Super. 74, 406 A.2d 343, 344 (1979) (for venue purposes, phrase "transaction or occurrence" does not include the performance of *any* act in formation of the contract but is the ultimate formation of the contract itself.) And, although *Craig* involved an action for breach of contract rather than one alleging a civil conspiracy, we believe the principles set forth therein regarding venue must guide our decision in the case *sub judice.*

■ ¶8 In order to state a cause of action for civil conspiracy, a plaintiff is required to allege "(1) a combination of two or more persons acting with a common purpose to do an illegal act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa.Super.2000) (citation omitted). Appellants' argument is that "any overt act undertaken by any conspirator in furtherance of the common design" is sufficient to establish venue wherever that overt act occurred, in this case Allegheny County. Brief for Appellants at 16. Appellants' complaint sets forth the following allegation in support of its choice of venue in Allegheny County.

Venue is proper in this County pursuant to Pa.R.Civ.P. 1006(a) because the Gift Claims transaction arises out of documents drafted and prepared in final form for execution in this County pursuant to communications from [Appellee] Eric Werner, made on behalf of all of the [Appellees] named herein, to Mr. Burke [Leo Werner's attorney] in this County.

Complaint, ¶24. In addition, after the parties engaged in discovery limited to the venue question, Appellants also claimed that two meetings in Pittsburgh, Allegheny County, Pennsylvania in February 1992 provide a basis for their choice of venue. We shall now examine these occurrences to determine whether they relate to the actual cause of action of civil conspiracy such that venue in Allegheny County has been established.

¶9 The first incident is a February 2, 1989 meeting in Pittsburgh. Appellants allege that on that date, Eric and Richard Werner met with Leo Werner's estate attorney (Mr. Burke) and his financial adviser (Mr. Kahan) in order "to determine the Werner Company's interest in buying Leo Werner's stock[.]" Brief for Appellant at 9 (citations omitted). Appellants believe that because Leo Werner's estate planning was discussed,[5] and further because shortly after this meeting Leo Werner began to look into making some changes in his estate, they have established that the first step toward the later civil conspiracy was taken in Allegheny County. We disagree. Even assuming *arguendo* that this meeting, which occurred approximately three years prior to the wrongful acts alleged and which was attended by only two of the alleged conspirators, evidences the beginnings of a civil conspiracy, its relation to the underlying wrongful acts in 1992 is tenuous at best. Moreover, when viewed in the context of the allegations contained in the complaint, such a meeting can hardly constitute more than a mere "facet of the complex transactions" which Appellants challenge herein. *See Craig, supra.* We thus agree with the trial court that the February 2, 1989 meeting in Pittsburgh, Allegheny County, Pennsylvania, is insufficient to constitute a transaction or occurrence forming the basis for the conspiracy

5. Leo Werner was not in attendance at this meeting.

cause of action such that venue would properly lie there.

¶ 10 The second and third occurrences are related. Appellants assert as the second incident that the "gift documents" executed by Leo Werner, including the March 1992 codicil to his will, were drafted in Pittsburgh at the office of Leo Werner's attorney, Mr. Burke; and, that Appellee Eric Werner called Mr. Burke in Pittsburgh on many occasions to discuss these gift documents. Thirdly, Appellants aver that the 1992 Werner Company stock plan was also drafted in the offices of a Pittsburgh law firm and that Eric Werner traveled to Pittsburgh in 1992 to review them. Based upon our review of the record, however, we find that Appellants have not established that the simple preparation of these particular legal documents form the basis for the civil conspiracy cause of action alleged against Appellees in the complaint. There has been no allegation that the codicil (or any gift document) was executed by Leo Werner in Allegheny County, nor that the transfer of the gifted shares of stock was accomplished anywhere but in Mercer County. Similarly, neither the adoption nor execution of the stock plan bears any relationship to Allegheny County. Moreover, we are unpersuaded that the physical location of the attorneys drafting certain company documents, and the mere fact that some of the Appellees engaged in long-distance communications with them, is sufficient to constitute a transaction or occurrence within the meaning of Pa.R.C.P. 1006.

¶ 11 We also find Appellant's citation to *McLaughlin v. Bradlee*, 599 F.Supp. 839 (D.D.C.1984), to be misplaced. Although the court there did recognize that venue may lie against all co-conspirators where some action in furtherance of the conspiracy was taken by at least some of them, the nexus between those acts and the forum was much more substantial than that in the present case. The hurdle faced by Appellants in the case *sub judice* is that the ancillary connection between any of the Appellees and Allegheny County, Pennsylvania is insufficient to "constitute a 'transaction or occurrence' upon which venue can be based[.]" *Craig, supra,* 149 A.2d at 37.[6]

¶ 12 As we find no merit to Appellants' contentions, and therefore no abuse of discretion on the part of the trial court in granting the petition to transfer venue to Mercer County, the order appealed from must be affirmed.

¶ 13 Order affirmed.

---

**6.** We similarly reject Appellants' citation to criminal cases which do not involve an interpretation of the pertinent language in Pa. R.C.P. 1006.