**Stein v. Crown American Realty Trust**

*Mark C. Rifkin,* for plaintiffs.

*Robert A. Nicholas* and *Joseph M. Profy,* for defendants.

SHEPPARD, *J.,* October 3, 2001—This opinion is submitted in support of this court's contemporaneous order sustaining preliminary objections on the basis of improper venue.

## BACKGROUND

This action was brought by plaintiffs, David S. Stein, John B. Warden III, and Robert Parsons, who purchased shares from defendant, Crown American Realty Trust, either at the time of an initial public offering (IPO), or shortly thereafter. Plaintiffs claim that Crown and Mark E. Pasquerilla, individually and on behalf of the estate of Frank J. Pasquerilla, were unjustly enriched as a result of the purchases. They allege that the August 1993 prospectus of Crown guaranteed that Crown would have sufficient earnings to maintain the same value dividend as that offered at the IPO. Instead, the plaintiffs contend that the dividend was later reduced because of alleged financial difficulties of the defendants which were not disclosed to the plaintiffs during the IPO.

On January 9, 2001, plaintiffs filed their complaint alleging common-law fraud, negligent misrepresentation,

and unjust enrichment. Plaintiffs subsequently filed an amended complaint asserting only the claim of unjust enrichment. Defendants timely filed preliminary objections to plaintiffs' amended complaint asserting, inter alia, improper venue.

## DISCUSSION

"[A] plaintiff's choice of forum is given great weight . . . ." *Masel v. Glassman,* 456 Pa. Super. 41, 45, 689 A.2d 314, 316 (1997). Although a "defendant has the burden in asserting a challenge to . . . venue," *Masel* at 45, 689 A.2d at 316, the trial court has discretion in deciding whether or not to transfer venue. *Gale v. Mercy Catholic Medical Center,* 698 A.2d 647, 650 (Pa. Super. 1997), *appeal denied,* 552 Pa. 696, 716 A.2d 1249 (1998).

Pa.R.C.P. 2179(3) and (4), provide, in pertinent part:[1]

"a personal action against a corporation or similar entity may be brought in and only in . . .

"(3) the county where the cause of action arose; or

"(4) a county where a *transaction or occurrence* took place out of which the cause of action arose." (emphasis added)

Here, plaintiffs assert that their cause of action for unjust enrichment arose in Philadelphia County where a

1. Plaintiffs allege only that venue is proper in Philadelphia County because their cause of action for unjust enrichment arose in this county or because a transaction or occurrence in this county gave rise to their cause of action. Pl. reply mem. of law at 7. Thus, the court need not address Pa.R.C.P. 2179(1) stating that venue is proper in "the county where its registered office or principal place of business is located" or (2) stating that venue is proper in "a county where it regularly conducts business."

"transaction or occurrence" took place, namely the sale of stock.

In Pennsylvania, in order to state a cause of action for unjust enrichment, a plaintiff must show "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Wolf v. Wolf,* 356 Pa. Super. 365, 374, 514 A.2d 901, 905-906 (1986); see also, *Burgettstown-Smith v. Langeloth,* 403 Pa. Super. 84, 588 A.2d 43 (1991). In their claim of unjust enrichment, plaintiffs argue that the focus of the court's inquiry should be the sale of stock. "Because the claim concerns the defendants' unjust enrichment from the sale of stock," and since the sale of stock allegedly took place in Philadelphia County, the plaintiffs contend that venue is proper in Philadelphia County. Pl. reply mem. of law at 7.

In order to determine, for venue purposes, where the cause of action arose or where a "transaction or occurrence" took place out of which the cause of action arose, Pennsylvania courts look for guidance to the specific elements of the cause of action pleaded. In *Craig v. W.J. Thiele & Sons Inc,* 395 Pa. 129, 134, 149 A.2d 35, 37 (1959), the Pennsylvania Supreme Court was confronted with the issue whether the place where an order was made was sufficient to constitute a "transaction or occurrence" upon which venue could be based. There, the plaintiff-truck dealer in Luzerne County placed an order with defendant, a company in Cambria County. Following an alleged breach of contract, the plaintiff filed suit in Luzerne County, the county from which plaintiff placed

the order. The court held that placing an order, one step in a series of several steps taken in the formation of a contract, constituted a mere "part of a transaction." *Id.* Since a "part of a transaction" is not synonymous with "transaction or occurrence," the court held that venue based on the placing of an order was improper. *Id.* To prevent future forum shopping, the court further held that a lawsuit could not proceed "in any county" where any facet of a complex transaction occurred. *Id.*

Recently, the principles espoused in *Craig* were applied by our Superior Court when it was faced with a cause of action of civil conspiracy. See *Estate of Werner v. Werner,* 781 A.2d 188 (Pa. Super. 2001). In *Werner,* the testator's estate brought an action against the family trust and its beneficiaries for civil conspiracy. There, the plaintiffs argued that " 'any overt act undertaken by any conspirator in furtherance of the common design' " was "sufficient to establish venue wherever that overt act occurred." *Id.* at 190. However, the court held that certain preliminary meetings held in Allegheny County, which later led to alleged acts of civil conspiracy in Mercer County, were too tenuous to constitute a "transaction or occurrence" for venue to be proper in Allegheny County. *Id.* The court transferred the action to Mercer County, where the family business was located. *Id.* at 192. Although *Craig* involved a contract action, and *Werner* a civil conspiracy cause of action, both courts examined the "transaction(s) or occurrence(s)" alleged to determine whether they related to the actual causes of action such that venue could properly be had. Therefore, the principles set forth in both *Craig* and *Werner* regarding venue guide this court.

Plaintiffs first argue that pursuant to Pa.R.C.P. 2179(3) their unjust enrichment action arose in Philadelphia County because this is the situs of the sale of stock. However, the sale of stock alone is insufficient to lay proper venue in Philadelphia County. To begin with, none of the plaintiffs reside in Philadelphia County. In fact, plaintiff Parsons resides in Cambria County, plaintiff Stein in Montgomery County, and plaintiff Warden in Dauphin County. Pl. resp. to defs. P.O.'s ¶30 ("admitted"). Moreover, defendant Mark Pasquerilla resides in Cambria County and the estate of Frank Pasquerilla is being probated in Cambria County. Def. P.O's. to Pl. first amend. compl. at 7. More importantly, defendant Crown is a company incorporated in Maryland and has its principal place of business in Cambria County. *Id.* Since none of the parties reside or have businesses in Philadelphia County, plaintiffs' unjust enrichment cause of action did not arise as a result of the sale of stock in Philadelphia County.[2]

Plaintiffs also argue that, pursuant to Pa.R.C.P. 2179(4), the sale of stock constitutes a "transaction or occurrence" forming the basis for the unjust enrichment cause of action such that venue would properly lie in Philadelphia County. This court disagrees. Looking specifically to the elements of the cause of action, as did the *Craig* and *Werner* courts, this court is convinced that the defen-

2. Plaintiffs direct this court to *Kubik v. Route 252 Inc.,* 762 A.2d 1119 (Pa. Super. 2000) and *Battuello v. Camelback Ski Corp.,* 409 Pa. Super. 642, 598 A.2d 1027 (1991). However, both these cases involved an analysis of Pa.R.C.P. 2179 (2), turning on a determination of where the corporation "regularly conducts business." Since the plaintiff specifically argues that venue is proper only because of Pa.R.C.P. 2179(3) or (4) and not (2), these cases are not controlling.

dants, if they were unjustly enriched, would have been so in Cambria County. Specifically, since defendants' principal place of business is in Cambria County, any alleged monetary benefit conferred on the defendants by the plaintiffs would have occurred in Cambria County. Also, it is likely that any appreciation of such alleged benefits from the sale of stock would have been seen by Crown and the Pasquerillas in Cambria County. Finally, any alleged benefit accepted and retained by the sale of stock would undoubtedly occur in Cambria County, and not where the sale took place. Similar to the order placed in *Craig,* and the preliminary meetings in *Werner,* here, the actual sale of stock in Philadelphia County is merely a "part of the transaction" of the unjust enrichment action, and therefore is insufficient to properly lay venue here in Philadelphia County. However, venue is proper in Cambria County, Pennsylvania.

## CONCLUSION

For the above reasons, defendants' preliminary objection to plaintiffs' amended complaint asserting improper venue is sustained. Further, pursuant to Pa.R.C.P. 1006(e), this action shall be transferred to Cambria County.

## ORDER

And now, October 3, 2001, upon consideration of the preliminary objections of defendants, Crown American Realty Trust and Mark E. Pasquerilla, individually and on behalf of the estate of Frank J. Pasquerilla to the amended complaint of David S. Stein, John B. Warden III, and Robert Parsons, and in accord with the opinion

being filed contemporaneously with this order, it is hereby ordered that the preliminary objection asserting improper venue is sustained. This action is transferred to Cambria County, with costs to be borne by plaintiffs.