## Deutschbauer v. Barakat

*Albert L. Deutsch,* for plaintiff.
*Jonathan D. Herbst,* for defendant.

QUIÑONES ALEJANDRO, *J.,* March 13, 2002—

INTRODUCTION

This may be a case of first impression on the issue of the appropriateness of venue in a legal malpractice action. Paul Deutschbauer (plaintiff) argues on appeal that the preliminary objections filed by attorneys Fred Barakat and Denise R. Bradley (defendants) from Chester County, which challenged the appropriateness of venue in Philadelphia County and requested the transfer of this matter to Berks County, were erroneously sustained. This motion judge disagrees.

RELEVANT FACTUAL AND
PROCEDURAL HISTORY

Briefly, the factual history, as defined by the pleadings, exhibits, and memoranda submitted in support of the preliminary objections and response, is as follows:

Plaintiff is an adult who resides at 278 Ridgeway Plaza, Philadelphia County, Pennsylvania.

On May 11, 2001, plaintiff commenced a legal malpractice action in Philadelphia County against Fred Barakat, Esquire, and Denise Bradley, Esquire. At all times relevant hereto, defendants were attorneys licensed in the Commonwealth of Pennsylvania with an office at the Chadds Ford Professional Center, 100 Dickerson Drive, Building 100, Suite 101, Chadds Ford, Chester County, Pennsylvania.

From the complaint, it appears that the basis of the legal malpractice action is as follows:

On July 3, 1994, plaintiff was involved in a motor vehicle accident in Crawford County allegedly caused by an individual name Brian Harned. Thereafter, plaintiff retained defendants to represent him in this personal injury action. On July 1, 1996, defendants filed a writ of summons on behalf of plaintiff and against Mr. Harned in Berks County.[1] The Honorable Albert A. Stallone was the assigned judge.

A review of the Berks County Civil Docket summary report reveals that the court on May 4, 1998, issued a termination notice, with proof of publication filed thereto on June 12, 1998. On November 27, 1998, Attorney Barakat filed a petition to open termination of case pursuant to the provisions of Rule 1901.[2] On December 1,

---

1. This matter is captioned *Deutschbauer v. Brian Harned,* and was filed in Berks County Civil Court, docket no. 67-07010.

2. Rule 1901 provides for the termination of inactive cases: "(a) The prothonotary in any civil case which remains open on the docket of the prothonotary and in which no docket activity has been reflected for a period of 670 days prior thereto . . . shall within 15 days thereafter serve notice upon each party's counsel of record, or if a party is not

1998, the court issued a rule hearing regarding said petition. On October 25, 2000, the court issued another termination notice and the matter was ultimately terminated on December 26, 2000, in accordance with Berks County Local Rule of Civil Procedure 1901.

Plaintiff further contends that his case against Mr. Harned was terminated due to defendants' failure to communicate with him and/or return his telephone calls, and their failure to follow the advice of Albert L. Deutsch, Esquire,[3] an attorney plaintiff consulted.

Plaintiff claims that Attorney Deutsch contacted defendants in 1999, and discussed with defendants how to proceed with the personal injury case and obtain substituted service against Mr. Harned. Allegedly, Attorney Deutsch spoke with Judge Stallone's law clerk and later shared with defendants the following information:

(a) that the petition for service by publication was dismissed without prejudice since the petition to reinstate was still open;

(b) that if the petition to reinstate were granted, defendants could then refile their motion for service by publication;

---

represented by counsel of record, upon such party . . . . The filing of a motion to allow the case to remain open, with or without a request for a hearing, will not be considered docket activity for the purpose of this rule . . . (c) If no additional docket activity has taken place or if no motion to allow the case to remain active has been filed and a hearing date thereon requested within 60 days after the service of the notice . . . the case shall be marked 'terminated under B.R.J.A. 1901,' without any further notice whatsoever." B.R.J.A. 1901.

3. Albert L. Deutsch, Esquire, is the counsel for plaintiff in this matter.

(c) that the judge had ordered depositions to be completed in 60 days if there was a factual matter in controversy;

(d) that since there had been no answer to the petition to reinstate, the petition should then be granted and it was the duty of counsel (defendants) to bring this to the judge's attention;

(e) that defendants should get their reinstatement order in place immediately for the judge to act on; and

(f) that defendants should take certain action in order to present a more cogent petition for service by publication.[4]

Allegedly, Attorney Deutsch advised defendants that if defendants did not take measures to obtain substituted service, that Attorney Deutsch would have no other alternative but to bring a professional malpractice action against defendants. In sum, plaintiff argues that because of defendants' inactions, plaintiff's first-party benefits with State Farm Insurance Company were never enforced, that he lost valuable rights against Mr. Harned, and was left without recourse to recover lost wages and medical expenses.

As to the venue issue in the present action, procedurally, on May 22, 2001, deputized service of the instant complaint by a sheriff of Delaware County was attempted but neither defendants were found. On October 2, 2001, plaintiff filed a petition for alternate service and by order dated October 4, 2001, said petition was granted for service to be effectuated upon defendants by legal publication.

On November 9, 2001, counsel entered an appearance on behalf of defendants.

---

4. Plaintiff's civil action complaint, ¶¶18-22.

On November 13, 2001, defendants filed preliminary objections to plaintiff's complaint challenging venue. Plaintiff filed a response on November 20, 2001. These pleadings were assigned to this motion judge on December 17, 2001, and by order dated December 19, 2001, the preliminary objections were sustained and the matter was transferred to Berks County.

Dissatisfied with this ruling, plaintiff on January 10, 2002, filed a notice of appeal to the Commonwealth Court, according to the docket.

## ISSUE

In response to an order issued in accordance with Pa.R.A.P. 1925(b), plaintiff on February 6, 2002, filed on record a statement of matters complained of on appeal and argued that this motion judge erred in transferring this matter to Berks County in that:

"(a) Plaintiff resides and is being treated for his physical ailments in Philadelphia County with defendants hiding their whereabouts and being served by substituted service; and

"(b) the underlying legal malpractice involves a motor vehicle accident that occurred in Crawford County with the underlying legal action being mistakenly brought in Berks County although Berks County had no connection to the underlying action in that the tort did not occur in Berks County and neither plaintiff nor defendant, in the original action, reside in Berks County."

## LAW AND DISCUSSION

Undisputedly, the proper way to challenge venue is by the filing of preliminary objections. Pa.R.C.P. 1006(e)

and 1028(a)(1); *Kubik v. Route 252 Inc.,* 762 A.2d 1119 (Pa. Super. 2000). Questions of venue must be raised at the first reasonable opportunity, otherwise, they are deemed waived. *Id.* A trial/motion judge has the discretion to sustain or overrule preliminary objections that challenge venue. *Mathues v. Tim-Bar Corp.,* 438 Pa. Super. 231, 234, 652 A.2d 349, 351 (1994). A court's ruling will depend on the facts of the particular case and will not be disturbed if the decision is reasonable in light of the facts. *Sunderland v. R.A. Barlow Homebuilders,* 2002 WL 93139 (Pa. Super.); *Masel v. Glassman,* 456 Pa. Super. 41, 45, 689 A.2d 314, 316 (1997). "If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Estate of Werner ex rel. Werner v. Werner,* 781 A.2d 188, 190 (Pa. Super. 2001); *Masel, supra* at 45, 689 A.2d at 316. It is understood that a plaintiff's choice of forum is to be given great weight and it is the defendant who has the burden in asserting a challenge to the plaintiff's choice of venue. *Shears v. Rigley,* 424 Pa. Super. 559, 564, 623 A.2d 821, 824 (1993).

If a preliminary objection to venue is sustained and there is a county of proper venue within the state, the action shall not be dismissed but shall be transferred to the appropriate court of that county. Pa.R.C.P. 1006(e). However, a decision to transfer will not be reversed unless there is a showing of an abuse of discretion. *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 239 (Pa. Super. 1997). To show an abuse of discretion, an appellant must show that in reaching a conclusion, either a law was overridden or misapplied, or the judgment exercised was manifestly unreasonable, or the result of bias, prejudice, or ill will. *Id.*

The rules provide that an action against an individual may be brought: "in and only in a county in which the individual may be served or in which the *cause of action arose* or where *a transaction or occurrence took place* out of which the cause of action arose or in any other county authorized by law." Pa.R.C.P. 1006(a). (emphasis added)

Further: "An action to enforce a joint or joint and several liability against two or more defendants, . . . may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivision (a)." Pa.R.C.P. 1006(c).

Here, plaintiff contends that the county in which the instant *cause of action or transaction or occurrence* out of which the cause of action arose is not Berks County but instead Philadelphia County because plaintiff resides in Philadelphia County *and* because Berks County, where the underlying action was brought by defendants, was an improper forum and has no relationship to this action. Relying on the case of *Estate of Werner, supra,* plaintiff argues that "the word 'occurrence' does not mean 'part of a transaction,' and that to hold otherwise would invite confusion and forum shopping where a lawsuit could proceed 'in any county where any [facts] of a complex transaction occurred.' "[5] While plaintiff is correct in this argument, he is incorrect in its application in this matter.

Plaintiff contends that the underlying tort action was *mistakenly* brought in Berks County. This motion judge will not address nor make a determination whether Berks

5. *Estate of Werner, supra* at 190-91.

County was a proper venue for the underlying tort action. Instead, the issue before this motion judge is whether Philadelphia County is a proper venue for the instant legal malpractice claim.

To establish a claim of legal malpractice, plaintiff, as an aggrieved client, must demonstrate three basic elements: (1) employment of the attorney or other basis for a duty; (2) the failure of the attorney to exercise skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. *Kituskie v. Corbman,* 552 Pa. 275, 280, 714 A.2d 1027, 1029 (1998).

As stated, defendants in this matter practiced law in Chester County. As counsel for plaintiff in the underlying action, defendants filed a personal injury action against Mr. Harned in Berks County. Why Berks County, this motion judge does not know but can only surmise that venue was appropriate in Berks County. Consequently, any malpractice committed by defendants in the underlying case occurred, in this motion judge's opinion, either in Chester County (their place of business) or Berks County (the place where the lawsuit was filed). In support of this opinion, this motion judge relies on the holding of *Sunderland, supra,* wherein this motion judge was the lower court judge and the appellate court addressed an issue of venue in a wrongful death and survival action. There, the court defined the meaning of the word *"occurrences" giving rise to the cause of action* as those events preceding and leading up to the fatal accident. By analogy, this motion judge opines that the basis for plaintiff's legal malpractice action consists of those events that resulted in the underlying case being terminated by the court. Among the factors to consider are defendants' alleged failure to adequately follow through

on the action filed in Berks County as required by the local rules, and/or to communicate with their client. This failure more likely than not occurred in defendants' office located in Chester County or in the courthouse in Berks County. There are no allegations that defendants did anything related to the underlying case in Philadelphia County.

As stated, Rule 1006 specifically limits the counties of venue in an action against an individual to a county where the cause of action arose or a transaction or occurrence took place or where the individual may be served. Thus, this motion judge looked to where defendants were served, albeit via substituted service, *and/or* where the underlying legal malpractice cause of action arose. In this motion judge's opinion, neither of those possible counties includes Philadelphia County.

Plaintiff also contends that this motion judge failed to recognize the ties this case has with Philadelphia and argues that this motion judge should have considered plaintiff's current medical treatment in Philadelphia County. In support of this position, plaintiff relies on *Hoose v. Jefferson Home Health Care,* 754 A.2d 1 (Pa. Super. 2000), *appeal denied,* 564 Pa. 722, 766 A.2d 1249 (2001), and inappropriately, on *Cherrin v. Pogue,* 775 EDA 2000, an unpublished memorandum opinion. In this motion judge's opinion, plaintiff's reliance on *Hoose* and *Cherrin* is misplaced since both cases dealt with the issue of transfer of venue based on the doctrine of forum non conveniens, and not on arguments of an improper venue, which is the issue here.

The rules of civil procedure provide criteria for transfers of venue depending on the basis for the request. Specifically, Pa.R.C.P. 1006(d)(1) allows for a transfer

of venue based on the doctrine of forum non conveniens, when:

"For the *convenience* of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). (emphasis added)

This motion judge is acutely aware of the distinction between *preliminary objections challenging venue* filed pursuant to Rule 1028(a)(1) and Rule 1006(a), and a *petition to transfer venue based on forum non conveniens* filed pursuant to Rule 1006(d)(1). Rule 1006(d) cannot apply to a case where venue is wrongly laid; this is distinctly regulated by Rule 1006(e). *U.S. Cold Storage Corp. v. Philadelphia,* 431 Pa. 411, 419, 246 A.2d 386, 390 (1968). Here, defendants are not seeking a change of venue based on forum non conveniens. This motion judge was not asked to consider such factors as: the relative ease of access to sources of proof; availability of compulsory process for the attendance of unwilling witnesses; cost of obtaining attendance of willing witnesses; the possibility of viewing the premises and enforceability of the order. *Scribner v. Mack Trucks,* 427 Pa. Super. 71, 628 A.2d 435 (1993), *appeal denied,* 537 Pa. 623, 641 A.2d 588 (1994). Rather, this motion judge was asked to decide whether venue is proper in Philadelphia County. Based on the evidence of record and the analysis provided, it is not.

## CONCLUSION

Based on the foregoing, this motion judge is of the opinion that no error was committed in sustaining de-

fendants' preliminary objections and transferring the matter to Berks County. This motion judge respectfully requests that plaintiff's appeal be dismissed and that the order of December 19, 2001, be affirmed.