# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-3317

DR. GUTTI RAO,
APPELLANT

V.

SLEEP NUMBER BED, INC;
SYNCHRONY BANK

_____

Appeal from
United States District Court for the Western District of Pennsylvania
Judge William S. Stickman IV
No. 2:23-cv-02150

Before: RESTREPO, BIBAS, AND FISHER, *Circuit Judges*
Submitted Pursuant to Third Circuit L.A.R. 34.1(a) April 20, 2026
Decided May 18, 2026

_____

NONPRECEDENTIAL OPINION[*]

RESTREPO, *Circuit Judge.* Appellant Dr. Gutti Rao appeals the District Court's order granting appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, we will affirm the order.

## I.     BACKGROUND

In December 2021, Rao set out to purchase a bed from Appellee Sleep Number Bed, Inc. ("Sleep Number"). At the point of sale, he was advised that the bed could be returned

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

within a ninety-day trial period if it did not suit him.  A credit line in Rao's name was then opened with Appellee Synchrony Bank ("Synchrony"), through which Sleep Number financed the transaction—without, Rao alleges, his knowledge or authorization.  Rao sampled the bed, determined it was defective, and returned it within ninety days.

In March 2022, Rao received a Notice of Default on the credit account with Synchrony.  He alleges the credit card account was opened without his consent and that he never executed any documents, signed any forms, or requested any credit line from Synchrony nor Sleep Number.  In July 2022, Rao's counsel sent correspondence to Synchrony requesting termination of the credit card; Synchrony responded in August 2022, maintaining that the account had been properly issued.

Shortly thereafter, counsel submitted notifications of dispute to all three major credit reporting agencies.  Separately, Rao also filed a dispute with the Consumer Financial Protection Bureau.  It was not until October 2023—over a year after Rao's notices to Synchrony and the credit reporting agencies—that Synchrony removed the credit information from Rao's report and requested that the major credit bureaus delete the tradeline from his credit file.

Rao sued Sleep Number and Synchrony in the District Court in February 2023.  In response to his complaint, the appellees filed a motion to dismiss pursuant to Rule 12(b)(6).  Rao subsequently withdrew and brought another action in December 2023.  After the appellees again moved to dismiss, Rao filed his operative complaint on March 26, 2024.

The amended complaint pleaded six counts against Synchrony and Sleep Number.  Against Synchrony, Rao alleged violations of the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. § 1681 *et seq.* (Count I), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8) (Count II). Against Sleep Number, he alleged a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 *et seq.* (Count V). Against both, he alleged common law credit slander, fraud, and civil conspiracy (Counts III, IV, and VI). In May 2024, the appellees filed another motion to dismiss once more under Rule 12(b)(6).

On November 18, 2024, the District Court granted the appellees' motions, dismissed all six counts with prejudice, and denied leave to amend. Rao timely appealed, challenging the dismissal of his FCRA claim (Count I); his common law fraud and civil conspiracy claims (Counts IV and VI); and the District Court's alternative holding that both claims were likely preempted by 15 U.S.C. § 1681t(b)(1)(F) of the FCRA.

## II. STANDARD OF REVIEW[1]

We exercise plenary review of a district court's order granting a motion to dismiss under Rule 12(b)(6), and we may affirm on any basis supported by the record. *Stringer v. Cnty. of Bucks*, 141 F.4th 76, 84 (3d Cir. 2025). Because our review is de novo, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

---

[1] The District Court had jurisdiction over the appellant's claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

### III.    FAIR CREDIT REPORTING ACT

The District Court rejected Rao's claim that Synchrony failed to investigate his dispute as required by § 1681s-2(b) of the FCRA, finding that he had not adequately alleged that a consumer reporting agency ever notified Synchrony. Considering the exhibits attached to the complaint, it declined to infer the credit reporting agencies automatically notified Synchrony of the credit dispute, thereby triggering a duty to investigate. In so holding, the District Court erroneously required Rao to produce evidence of furnisher notification at the pleading stage—information that, by its nature, is within the exclusive control of the agencies and the credit furnisher. In reality, Rao did all he had to do at this stage: he alleged (albeit summarily) that the reporting agencies had notified Synchrony of the dispute.

We nonetheless affirm because Rao's exhibits directly contradict his claim that Synchrony failed to conduct a reasonable investigation. *See Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018) ("[I]f [a plaintiff's] own exhibits contradict [his] allegations in the complaint, the exhibits control."). The attached exhibits and Rao's pleading reveal that Synchrony fulfilled its statutory duty to investigate his credit dispute: Synchrony maintained its position in response to counsel's correspondence, directed that a formal written dispute be submitted, and ultimately—after receiving notice from the Consumer Financial Protection Bureau—reversed the charges and requested deletion of the tradeline with all three major credit bureaus. Section 1681s-2(b) requires a reasonable investigation, and the complaint and its exhibits demonstrate Synchrony conducted one.

4

## IV.   COMMON LAW FRAUD AND CIVIL CONSPIRACY

The District Court dismissed Rao's common law fraud and civil conspiracy claims for two independent reasons. It concluded that both claims were likely preempted by 15 U.S.C. § 1681t(b)(1)(F) of the FCRA; alternatively, it held that Rao failed to adequately plead either claim.

We agree with the District Court that neither claim was pleaded with the particularity Federal Rule of Civil Procedure 9(b) requires, and will affirm on that basis. Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of particularity with respect to allegations of fraud. Fed. R. Civ. P. 9(b). Particularity requires specifics; plaintiffs must "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged' and 'plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Alpizar-Fallas v. Favero*, 908 F.3d 910, 919 (3d Cir. 2018) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal citations omitted)).

### A. FRAUD

We first address Rao's contention that Sleep Number and Synchrony jointly engaged in a scheme to defraud him by concealing that his purchase would involve a Synchrony credit card agreement. The District Court found these allegations to be "nothing more than general, legal conclusions." App. 330. We agree.

A claim of fraud under Pennsylvania law "consists of six elements: (1)(a) [a] misrepresentation or (b) [a] concealment; (2) [w]hich is material to the transaction at hand;

5

(3) (a) [m]ade with knowledge of its falsity or recklessness as to whether it is true or false (for a misrepresentation), or (b) [c]alculated to deceive (for a concealment); (4) [w]ith the intent of misleading another into relying on it; (5) [j]ustifiable reliance on the misrepresentation; and (6) [a] resulting injury proximately caused by such reliance." *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022)

Averments of fraud must be made with particularity under both the Pennsylvania and Federal Rules of Civil Procedure. *See* Pa. R. Civ. P. 1019(b); Fed. R. Civ. P. 9(b).

We agree with the District Court that Rao's fraud claim does not meet the heightened pleading standard under Rule 9(b). Rao does not state who at Sleep Number or Synchrony made any misrepresentation, what was said, nor how either appellee induced his belief that the transaction did not require a credit card agreement. As the District Court correctly observed, he "provided no detail concerning how Synchrony nor Sleep Number 'tricked' him, the 'fraudulent utterance' they allegedly made, or the distinct roles of Synchrony and Sleep Number in the alleged scheme." App. 330. Thus, the District Court did not err in concluding that the complaint failed to state a claim for common law fraud.

### B. CIVIL CONSPIRACY

The District Court also properly dismissed Rao's allegations of civil conspiracy as "vague legal conclusions." App. 331. A claim of civil conspiracy under Pennsylvania law must allege "(1) a combination of two or more persons acting with a common purpose to do an illegal act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Estate of Werner ex rel. Werner v. Werner*, 781 A.2d 188, 191 (Pa. Super. 2001). And when that

6

unlawful purpose is fraud, the heightened pleading standard of Rule 9(b) governs. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("A claim that . . . is premised upon a course of fraudulent conduct . . . can implicate Rule 9(b)'s heightened pleading requirements.").

Rao's conspiracy claim is his fraud claim dressed in the language of common purpose; having failed to plead the underlying fraud with particularity, he has likewise failed to adequately plead the requisite elements for a conspiracy to commit it. Additionally, as the District Court correctly observed, Rao "pled no facts demonstrating that any agreement between Synchrony and Sleep Number to register customers for credit cards qualified as illegal or unlawful activity." App. 331. We find no error in the District Court's dismissal of Rao's common-law civil conspiracy claim.

\* \* \* \* \*

For the foregoing reasons, we will AFFIRM.

7